**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ETHAN RAFFRAY | Civil Action No: 3:23-cv-00178-X |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| EQUIFAX INFORMATION SERVICES, LLC, et al. | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff ETHAN RAFFRAY ("Plaintiff"), by and through his attorneys, JAFFER & ASSOCIATES, PLLC, and brings this *Amended Complaint* against Defendants NATIONAL CREDIT SYSTEMS, INC., ("NCS"), EQUIFAX INFORMATION SOLUTIONS, LLC, ("Equifax"), TRANS UNION, LLC ("TransUnion") and EXPERIAN INFORMATION SOLUTIONS, INC., collectively referred to as the ("Defendants"), and respectfully sets forth, complains, and alleges, upon information and belief, the following:

## PREMLIMINARY STATEMENT

1.      This is an action for actual and statutory damages, costs, and attorney's fees pursuant to 15 USC §1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

## PARTIES AND SERVICE

2.      Plaintiff was a resident of Dallas County, Texas but now resides in Thibodaux, Louisiana.

3.      At all times material hereto, Plaintiff was a "Consumer," as defined under 15 U.S.C. § 1681a(c).

### Equifax

4.      Defendant Equifax Information Services, LLC, is a consumer reporting agency as defined

by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Equifax is a Georgia company registered to do business in the State of Texas and may be served with process upon Corporation Service Company, its registered agent for service of process, at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

5.    At all times material hereto, Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

6.    At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

**Experian**

7.    Defendant Experian Information Solutions, Inc., is a consumer reporting agency as defined by 15 U.S.C § 1681a(f) and conducts substantial and regular business activities in this judicial district. Experian is a Texas company registered to do business in the State of Texas and may be served with process upon C.T. Corporation System, its registered agent for service of process, at 1999 Bryan Street, Suite 900, Dallas, TX, 75201.

8.    At all times material hereto, Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d), to third parties.

9.    At all times material hereto, Experian disbursed such consumer reports to third parties under a contract for monetary compensation.

**TransUnion**

10.     Defendant Trans Union LLC is a consumer reporting agency as defined by 15 U.S.C §

1681a(f) and conducts substantial and regular business activities in this judicial district. Trans

Union is an Illinois company registered to do business in the State of Texas and may be served

with process upon The Prentice-Hall Corporation, its registered agent for service of process, at

211 E. 7th Street, Suite 620, Austin, TX, 78701.

11.     At all times material hereto, TransUnion is a consumer reporting agency regularly engaged

in the business of assembling, evaluating and disbursing information concerning consumers for

the purposes of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d),

to third parties.

12.     At all times material hereto, TransUnion disbursed such consumer reports to third parties

under a contract for monetary compensation.

**NCS**

13.     Defendant NATIONAL CREDIT SYSTEMS, INC. is a "person," as defined by the FCRA,

15 U.S.C. § 1681a(b).

14.     Defendant NCS is a limited liability company duly authorized and qualified to do business

in the State of Texas and can be served with a copy of this *Amended Complaint* along with the

*Summons* upon its registered agent, C T Corporation System, at 1999 Bryan St., STE 900 Dallas,

TX 75201.

15.     Defendant NCS meets the definition of a "furnisher of information" within the meaning of

the FCRA (15 U.S.C. § 1681s-2 et seq.), that regularly and in the ordinary course of business

furnishes information to one or more consumer reporting agencies about consumer transactions or

experiences with any consumer.

16.     As used herein, "consumer reporting agency," or "CRA," is any person who, for monetary fees, dues, or on a nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties. CRAs specifically include, but are not limited to, Equifax, Experian, and TransUnion.

## JURISDICTION AND VENUE

17.     Plaintiff brings this action under §1681 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Credit Reporting Act ("FCRA") for actual and statutory damages, costs, and reasonable attorney's fees against the Defendant.

18.     This Court has jurisdiction over this action and all counts under 28 U.S.C. § 1331, 1334, and 15 U.S.C. § 1681(p).

19.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

20.     Venue is further proper in this District because Plaintiff resides in this district.

## FACTUAL ALLEGATIONS

21.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

22.     In August of 2021, Plaintiff rented an apartment at the Granada Apartments ("Granada") at 3434 Nogales Dr, Dallas, TX 75220 for $740.00 per month.

23.     After enduring squalor conditions for 11 months, including backed up sewage, roach infestation and being without hot water for months, Plaintiff asked to be let out of his lease with one month remaining.

24.     Plaintiff was current on his rent obligation.

25.     The apartment complex management granted this request and told Plaintiff he could leave as requested on July 31, 2022, and did not owe for his remaining month. See Copy of letter from Rita Chavez, a manager at the Granada Apartments attached as **Exhibit A**.

26.     Plaintiff then received a call from NCS, a collection company, who attempted to debt stemming from Plaintiff's lease with Granada in the amount of $1,500.00, more than twice Plaintiff's normal rent.

27.     Plaintiff reviewed his credit reports and discovered NCS was furnishing a collection account for the alleged debt ("Account").

**Experian Credit Report**

28.     The Account is being reported as a collection account with a past due balance of $1,640.00 as of November 2022 set to be removed from Plaintiff's report on April 2029 on Plaintiff's Experian credit reports. See copy of Plaintiff's Experian report dated November 8, 2022, attached as **Exhibit B**.

29.     Plaintiff disputed with Experian online in September of 2022. See copy of the dispute attached as **Exhibit C**.

30.     On or about September 21, 2022, Experian updated the Account but still is showing a past due balance of $1,640.00. See copy of Experian's dispute results attached as **Exhibit D**.

**Equifax Credit Report**

31.     The Account is being reported as a collection account with an Unpaid status and a balance of $1,640.00 with a date of first delinquency on July 3, 2022, meaning the Account is set to be removed from Plaintiff's file in July of 2029, on Plaintiff's Equifax credit reports. See copy of Plaintiff's Equifax report dated November 8, 2022, attached as **Exhibit E**.

32.     Plaintiff disputed with Equifax online in September of 2022. See copy of the dispute

attached as **<u>Exhibit F</u>**.

33.    On or about September 29, 2022, Equifax verified the disputed marks on the account as accurate the Account. See copy of Equifax's dispute results attached as **<u>Exhibit G</u>**.

**<u>TransUnion Credit Report</u>**

34.    The Account is being reported as a collection account with a past due balance of $1,640.00 on Plaintiff's TransUnion credit reports. See, **<u>Exhibit H</u>**.

35.    Plaintiff disputed with TransUnion online in September of 2022. See copy of the dispute attached as **<u>Exhibit I</u>**.

36.    On or about September 23, 2022, TransUnion verified the disputed marks on the account as accurate the Account. See copy of TransUnion's dispute results attached as **<u>Exhibit H</u>**.

**<u>NCS</u>**

37.    On or about September 2022, Plaintiff disputed the Accounts with Equifax, Experian and TransUnion.

38.    Plaintiff sent a letter to NCS as well detailing why he did not owe the alleged amount demanded by NCS. See a copy of the letter attached as **<u>Exhibit J</u>**.

39.    It is averred and believed that TransUnion forwarded Plaintiff's dispute to NCS.

40.    NCS conducted an investigation after receiving Plaintiff's dispute from TransUnion.

41.    NCS sent or transmitted an ACDV to TransUnion verifying and certifying that the information it was reporting to the bureaus was accurate and not misleading.

42.    NCS certified the Account reporting despite the Account, which should not exist, is reporting an inaccurate balance and inaccurate payment status.

43.    To this day NCS continues to report false and misleading information relating to the Accounts on Plaintiff's TransUnion credit reports despite Plaintiff's dispute.

44.     It is averred and believed that Experian forwarded Plaintiff's dispute to NCS.

45.     NCS conducted an investigation after receiving Plaintiff's dispute from Experian.

46.     NCS sent or transmitted an ACDV to Experian verifying and certifying that the information it was reporting to the bureaus was accurate and not misleading.

47.     NCS certified the Account reporting despite the Account, which should not exist, is reporting an inaccurate balance and inaccurate payment status.

48.     To this day NCS continues to report false and misleading information relating to the Accounts on Plaintiff's Experian credit reports despite Plaintiff's dispute.

49.     It is believed and averred that Equifax forwarded Plaintiff's dispute to NCS.

50.     It is believed and averred that NCS conducted an investigation after receiving Plaintiff's disputes from Equifax.

51.     It is believed and averred that NCS sent or transmitted an ACDV to Equifax verifying and certifying that the information it was reporting to Equifax was accurate and not misleading.

52.     NCS certified the Account reporting despite the Account, which should not exist, is reporting an inaccurate balance and inaccurate payment status.

53.     To this day NCS continues to report false and misleading information relating to the Account on Plaintiff's Equifax credit reports.

54.     For these reasons, NCS has violated the Fair Credit Reporting Act.

**<u>Credit Reporting Errors</u>**

55.     Experian, Equifax, and TransUnion continue to report inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

56.     The date the Account is scheduled to come off Plaintiff's differs on Plaintiff's Experian

and Equifax's credit report, which implies at least one of the dates is incorrect.

57.    Despite the dispute by Plaintiff that the information on his consumer report was inaccurate with respect to the disputed account, Experian, Equifax, and TransUnion did not evaluate, reevaluate, or consider any of the information, claims, or evidence of the Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

58.    In the alternative, Experian, Equifax, and TransUnion failed to contact NCS and therefore failed to perform any investigation at all.

59.    In the alternative it is alleged that Experian, Equifax, and TransUnion did forward some notice of the dispute to NCS and NCS failed to conduct a lawful investigation.

60.    Defendants' furnishing or publishing of inaccurate reporting continues to affect Plaintiff's creditworthiness, credit score, and ability to acquire credit on otherwise superior terms.

61.    As a result of Defendants' conduct, Plaintiff's credit score and credit history suffered and continues to suffer as a result of the inaccurate information on Plaintiff's credit file in addition to mental anguish, distress, denial of credit and frustration and inability to obtain financing.

## FIRST CAUSE OF ACTION
### Willful Violation of the § 1681(s)(2)-(b) as to NCS

62.    Plaintiff incorporates by reference all of the above paragraphs of this Amended Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

63.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

64.    Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

65.    Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

66.    The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the furnisher must report the results to other agencies which were supplied such information.

67.    NCS violated 15 U.S.C. § 1681s2-b by the publishing of inaccurate credit information to a credit reporting agency; by failing to fully and properly investigate Plaintiff's dispute reported by TransUnion, Experian and Equifax with respect to the Accounts; by failing to review all relevant information regarding same; and by failing to correctly report results of an accurate investigation to the credit reporting agencies.

68.    Specifically, NCS continues to report the Accounts as having inaccurate payment history for the aforementioned reasons.

69.    As a result of the conduct, action and inaction of the NCS, Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

70.    The conduct, action and inaction of NCS was willful, rendering NCS liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681(n).

71.    Plaintiff is entitled to recover reasonable costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

## <u>SECOND CAUSE OF ACTION</u>
### Negligent Violation of § 1681(s)(2)-(b) as to NCS

72.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

73.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

74.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

75.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

76.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher must report the results to other agencies that were supplied such information.

77.     NCS is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

78.     After receiving the Dispute Notice, NCS negligently failed to conduct its reinvestigation in good faith and continued to report the Account's payment history erroneously.

79.     A reasonable investigation would require a furnisher such as NCS to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

80.     As a result of the conduct, action and inaction of the NCS, Plaintiff suffered damage for

the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

81.    The conduct, action and inaction of NCS was negligent, entitling the Plaintiffs to recover actual damages under 15 U.S.C. § 1681(o).

82.    Plaintiff is entitled to recover reasonable costs and attorney's fees from NCS in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(o).

83.    **WHEREFORE**, Plaintiff, an individual, demands judgment in her favor against NCS, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## THIRD CAUSE OF ACTION
### Willful Violation of § 1681(e)(b) as to Equifax

84.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

85.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

86.    Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

87.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

88.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89.    The conduct, action and inaction of Equifax was willful rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

90.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

91.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>FOURTH CAUSE OF ACTION</u>
### Negligent Violation of § 1681(e)(b) as to Equifax

92.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

93.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

94.    Equifax violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning Plaintiff.

95.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

96.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

97.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

98.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an

amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**FIFTH CAUSE OF ACTION**
**Willful Violation of § 1681(i)(a) as to Equifax**

99.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though

fully state herein with the same force and effect as if the same were set forth at length herein.

100.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

101.    Equifax violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and

delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such

inaccuracies and conducting reinvestigations.

102.    Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax

to comply with the Act include but are not necessarily limited to the following:

    a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.     The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

    c.     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.     The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

    e.     The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.     The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

    g.     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

    h.     The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

103.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

104.    The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

105.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

106.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### SIXTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to Equifax

107.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

108.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

109.    Equifax violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

110.    Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.    The failure to correct erroneous personal information regarding the Plaintiff

after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which Equifax had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete;

h.    The failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

111.    As a result of the conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

112.    The conduct, action and inaction of Equifax was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

113.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**<u>SEVENTH CAUSE OF ACTION</u>**
**Willful Violation of § 1681(e)(b) as to Experian**

114.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

115.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

116.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

117.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

  a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

  b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

  c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

  d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

  e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

  f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

  g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

  h.    The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

118.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

119.    The conduct, action and inaction of Experian was willful rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

120.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

121.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

<u>**EIGHTH CAUSE OF ACTION**</u>
**Negligent Violation of § 1681(e)(b) as to Experian**

122.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

123.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

124.    Experian violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Experian maintained concerning Plaintiff.

125.    Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.      The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

126.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

127.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

128.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## <u>NINETH CAUSE OF ACTION</u>
### Willful Violation of § 1681(i)(a) as to Experian

129.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

130.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

131.    Experian violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

132.    Experian has willfully and recklessly failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

a.      The failure to follow reasonable procedures to assure the maximum possible

accuracy of the information reported;

b.      The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.      The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.      The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

e.      The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.      The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.      The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

h.      The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

133.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

134.    The conduct, action and inaction of Experian was willful, rendering Experian liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

135.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

136.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against Experian, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>TENTH CAUSE OF ACTION</u>
### Negligent Violation of § 1681(i)(a) as to Experian

137.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

138.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

139.     Experian violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

140.     Experian has negligently failed to comply with the Act. The failure of Experian to comply with the Act include but are not necessarily limited to the following:

     a.     The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

     b.     The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

     c.     The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

     d.     The failure to promptly and adequately investigate information which Experian had notice was inaccurate;

     e.     The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

     f.     The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

     g.     The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete;

     h.     The failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

141.    As a result of the conduct, action and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

142.    The conduct, action and inaction of Experian was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

143.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

**ELEVENTH CAUSE OF ACTION**
**Willful Violation of § 1681(e)(b) as to TransUnion**

144.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

145.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

146.    TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

147.    TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

   a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

   c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

   d.    The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

e.  The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.  The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

h.  The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

148.  As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

149.  The conduct, action and inaction of TransUnion was willful rendering TransUnion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

150.  Plaintiff is entitled to recover reasonable costs and attorney' s fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

151.  **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

## <u>TWELFTH CAUSE OF ACTION</u>
### <u>Negligent Violation of § 1681(e)(b) as to TransUnion</u>

152.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

153.  This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et

seq.,

154.    TransUnion violated 15 U.S.C. § 1681(e)(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that TransUnion maintained concerning Plaintiff.

155.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

h.    The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

156.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

157.    The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

158.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

### THIRTEENTH CAUSE OF ACTION
### Willful Violation of § 1681(i)(a) as to TransUnion

159.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

160.    This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

161.    TransUnion violated 15 U.S.C. § 168li(a) by failing to conduct reasonable reinvestigations and delete inaccurate information from the credit file of Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigations.

162.    TransUnion has willfully and recklessly failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b.    The failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff;

c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

d.    The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

e.    The continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate;

f.    The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g.    The failure to promptly delete information that was found to be inaccurate, or

could not be verified, or that the source of information had advised TransUnion to delete;

h.    The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

163.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

164.    The conduct, action and inaction of TransUnion was willful, rendering TransUnion liable for actual, statutory and punitive damages in an amount to be determined by a Judge/ and or Jury pursuant to 15 U.S.C. § 1681(n)

165.    Plaintiff is entitled to recover reasonable costs and attorney' s fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

166.    **WHEREFORE**, Plaintiff, an individual, demands judgment in his favor against TransUnion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681(n).

### FOURTEENTH CAUSE OF ACTION
### Negligent Violation of § 1681(i)(a) as to TransUnion

167.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

168.    This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.,

169.    TransUnion violated 15 U.S.C. § 168li(a) by failing to conduct a reasonable reinvestigation to determine and delete inaccurate information from the credit file of Plaintiff after receiving

actual notice of such inaccuracies and conducting reinvestigations.

170.    TransUnion has negligently failed to comply with the Act. The failure of TransUnion to comply with the Act include but are not necessarily limited to the following:

    a.    The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b.    The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by Plaintiff;

    c.    The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff;

    d.    The failure to promptly and adequately investigate information which TransUnion had notice was inaccurate;

    e.    The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by Plaintiff that the information was inaccurate;

    f.    The failure to note in the credit report that Plaintiff disputed the accuracy of the information;

    g.    The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised TransUnion to delete;

    h.    The failure to take adequate steps to verify information TransUnion had reason to believe was inaccurate before including it in the credit report of the consumer.

171.    As a result of the conduct, action and inaction of TransUnion, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

172.    The conduct, action and inaction of TransUnion was negligent, entitling Plaintiff to damages under 15 U.S.C. § 1681(o).

173.    Plaintiff is entitled to recover reasonable costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 168l(o).

## DEMAND FOR TRIAL BY JURY

174.     Plaintiffs request a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

1.     For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

2.     For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

3.     For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

4.     For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

5.     For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

6.     For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2);

7.     For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

DATED:  February 1, 2023                    Respectfully Submitted,

_/s/ Allen Edgar Robertson III_

SHAWN JAFFER
SB 24107817
ALLEN ROBERTSON
SB 24076655
ROBERT LEACH
SB 24103582
PHILLIP POOL
SB 24086466
SHAKERIA NORTHCROSS
SB 24116836
JAFFER & ASSOCIATES, PLLC
5757 ALPHA RD SUITE 580
DALLAS, TX 75240
(T)**214.494.1871**(F)**888.509.3910**
(E)ALLEN@JAFFER.LAW ATTORNEYS@JAFFER.LAW
ATTORNEYS FOR PLAINTIFF

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 1, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court by using CM/ECF system, which will send a notice of electronic filing to counsel of record

JAFFER & ASSOCIATES, PLLC


 */s/ Allen Edgar Robertson, III*
Allen Edgar Robertson, III